IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:09-cv-00517-RPM-CBS

ALCOHOL MONITORING SYSTEMS, INC., a Delaware Corporation,

   Plaintiff,

v.

BRIAN K. PHILLIPS, an individual,

   Defendant.

## STIPULATED ORDER CORRECTING INVENTORSHIP

This action for an order correcting inventorship comes before the Court on the Parties' Stipulated Motion for Order Correcting Inventorship [Docket No. ____] ("Motion"). Having reviewed the Motion, pleadings and documents on file in this action, and being fully advised in the circumstances, I find good cause to GRANT the Motion as follows:

**I.  JURISDICTION**

The Court's jurisdiction over this case is premised upon 28 U.S.C. §§ 1331 and 1338(a) (federal question jurisdiction).

**II.  FACTUAL BACKGROUND**

Plaintiff, Alcohol Monitoring Systems, Inc. ("AMS"), filed this action on March 10, 2009 seeking an order to correct inventorship of United States Patent No. 7,311,665 ("the '665 Patent") pursuant to 35 U.S.C. § 256. AMS seeks to add Defendant Brian K. Phillips ("Phillips") as a co-inventor on the '665 Patent.

The '665 Patent was filed on May 19, 2003 and was issued on December 25, 2007. Jeffrey S. Hawthorne, Michael L. Iiams, Glenn C. Tubb, Richard A. Stoll, and Gary A. Shoffner

were named co-inventors of the '665 Patent and have assigned their rights to the '665 Patent to AMS.

Phillips was employed by AMS from AMS' inception until December 31, 2002. Phillips signed a Confidentiality, Assignment of Inventions and Non-Competition Agreement ("Agreement") with AMS on January 12, 2000. Pursuant to that Agreement, Phillips assigned his rights in inventions and intellectual property, including that covered by the '665 Patent, to AMS. The Agreement provides:

> Employee agrees that all such Inventions and Intellectual Property are and shall be the exclusive property of the Company, and that the Company may use or pursue them without restriction or additional compensation. Employee: (i) hereby assigns, sets over and transfers to the Company all of his right, title and interest in and to such Inventions and Intellectual Property; (ii) agrees that Employee and his agents shall, during and after the period Employee is retained by the Company cooperate fully in obtaining patent . . . or other proprietary protection for such Inventions and Intellectual Property, which action may be initiated in the Company's sole and absolute discretion, all in the name of the Company (but only at Company expense), and, without limitation, shall execute all requested applications, assignments and other documents in furtherance of obtaining such protection or registration and confirming full ownership by the Company of such Inventions and Intellectual property . . . .

Confidentiality, Assignment of Inventions and Non-Competition Agreement, ¶ 4.

The parties agree that Phillips was a co-inventor of the '665 Patent and that he contributed in a significant manner to the conception and/or reduction of practice of the claimed subject matter of the patents. The parties further agree that Phillips was omitted as a named inventor of the '665 Patent and that no party acted with deceptive intent in omitting him as a named inventor.

The parties have settled this matter and have stipulated to an order adding Phillips as a co-inventor on the '665 Patent.

## III. ANALYSIS

United States patent law requires the true and original inventor or inventors to be named in the application for a patent. 35 U.S.C. § 111 (2008). Failure to list the correct inventor or inventors on a patent application may ultimately jeopardize the validity of a patent. 35 U.S.C. § 102(f). However, the Patent Act authorizes correction of the inventor(s)' names in applications, 35 U.S.C. § 116, and in patents, 35 U.S.C. § 256.

Section 256 permits correction by application to the Commissioner or in federal court, *University of Colorado Foundation, Inc. v. American Cyanamid Co.*, 105 F.Supp.2d 1164, 1185 (D.Colo. 2000), and allows the correction of inventorship on an issued patent when the mistake was the result of a good faith error. Section 256 provides:

> Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent and such error arose without any deceptive intention on his part, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error.
>
> The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly.

This section addresses separately two varieties of error in inventorship-misjoinder and nonjoinder. Misjoinder occurs where there is a mistake in naming a person as a co-inventor who was not an inventor. Nonjoinder occurs where an inventor is not listed on the patent application as a co-inventor. *Stark v. Advanced Magnetics, Inc.*, 119 F.3d 1551, 1553 (Fed. Cir. 1997).

Where, as here, the error is non-joinder, there can be no deceptive intent in failing to include the inventor in the patent application. *Id.* If inventorship can be corrected under § 256, a

3

district court must order correction of the patent. *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350 (Fed. Cir. 1998).

Here, AMS seeks to correct the '665 Patent. The parties agree that Phillips was a co-inventor of the '665 Patent and that he contributed in a significant manner to the conception and/or reduction of practice of the claimed subject matter of the patents. The parties further agree that Phillips was omitted as an inventor and that no party acted with deceptive intent in applying for the '665 Patent and related divisional applications.

Accordingly, I find that:

(1) United States Patent No. 7,311,665 issued on December 25, 2007;

(2) All rights in United States Patent No. 7,311,665 have been assigned to AMS;

(3) All concerned parties have had proper notice and an opportunity to be heard.

(4) Phillips was a co-inventor on United States Patent No. 7,311,665;

(5) Phillips was omitted as a named co-inventor on United States Patent No. 7,311,665;

(6) The omission of Phillips as an inventor on United States Patent No. 7,311,665 was without deceptive intent.

(7) Inventorship of United States Patent No. 7,311,665 can be corrected pursuant to 35 U.S.C. § 256.

Based on the foregoing, IT IS HEREBY ORDERED that the inventorship of United States Patent No. 7,311,665 shall be corrected to add Brian Kirby Phillips as a named co-inventor. This is the final Judgment of the Court, each party to bear its own costs.

4

5

DATED this 6th day of July 2009.

                              BY THE COURT:

                              *s/Richard P. Matsch*

                              RICHARD P. MATSCH, Senior District Judge